# Exhibit 1

EXHIBIT \_\_\_1\_\_\_ PAGE \_\_\_7\_\_\_

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Marketsource, Inc., Target
*(AVISO AL DEMANDADO):* Corporation, and Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Katrina Haywood
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Sacramento County Superior Court 720 Ninth Street 720 Ninth Street Sacramento, CA 95814 | **CASE NUMBER:** *(Número del Caso):* 34-2014-00158356 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julie A. Doumit - 272574     (916) 442-8614  (916) 442-5679
Law Offices of William F. Wright
1731 J Street, Suite 250
Sacramento, CA 95811

DATE: FEB 2 5 2014     Clerk, by L. GUTIERREZ , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT ___1___   PAGE ___8___

1  WILLIAM F. WRIGHT - SBN 109470
   JULIE A. DOUMIT - SBN 272574
2  LAW OFFICES OF WILLIAM F. WRIGHT
   1731 J Street, Suite 250
3  Sacramento, California 95811
   Telephone:   (916) 442-8614
4  Facsimile:    (916) 442-5679

5  Attorneys for Plaintiff Katrina Haywood

6

7

8

9

**FILED**
Superior Court Of California,
Sacramento

FEB - 4 2014

pfinney
By_____, Deputy
Case Number:
**34-2014-00158356**

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             IN AND FOR THE COUNTY OF SACRAMENTO

9

| | |
|---|---|
| 10  KATRINA HAYWOOD | CASE NO: |
| 11                      Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATION OF GOVERNMENT CODES 12940 and 12945** |
| 12  vs. | |
| 13  MARKETSOURCE, INC., TARGET CORPORATION, and DOES 1 through 20, | (Unlimited Civil Case) |
| 14  inclusive, | |
| 15                      Defendants. | |

16

17                              RECITALS

18       1.    The events alleged herein occurred in the County of Sacramento, State of California.

19       2.    Plaintiff is a former employee of the defendants named herein. Her employment was

20  terminated due to pregnancy and childbirth.

21       3.    Defendant Marketsource, Inc. is a California corporation authorized to and doing

22  business in California.  Defendant Marketsource, Inc. is an employer as defined by the Fair

23  Employment and Housing Act. Defendant Marketsource, Inc. operates kiosks in Target retail stores

24  where phones and electronic merchandise are sold.  Marketsource employees service Target

25  customers and are supervised by Target managers, and are subject to personnel policies required of

26  Target employees.

27       4.    Defendant Target Corporation is a Minnesota corporation authorized to and doing

28  business in California. Defendant Target Corporation is a nationwide retailer which does business

Complaint for Damages for Violation of Government Codes 12940 and 12945

EXHIBIT ___1___  PAGE ___9___

1  under the name Target.  Defendant Target Corporation is an employer as defined by the Fair

2  Employment and Housing Act.

3       5.       During all times alleged herein, defendants Marketsource, Inc., Target Corporation,

4  and Does 1-20 were joint employers of employees such as plaintiff, Katrina Haywood, due to their

5  joint control of said employees and their joint operation of the kisoks.  Defendant Target so

6  controlled plaintiff's employment that its managers prohibited plaintiff from complying with

7  pregnancy related accommodations directed by plaintiff's physician.

8       6.       The true names or capacities, whether individual, corporate, associate, or otherwise,

9  of defendants, Does 1 through 20, inclusive, are unknown to plaintiff who therefore sues said

10  defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that

11  each of the defendants designated herein as a "Doe" is responsible in some manner, either

12  intentionally, negligently, in strict liability, for breach of warranty, or otherwise, for the events and

13  happenings herein referred to and caused injury and damages proximately thereby to plaintiff, as

14  herein alleged.  Plaintiff will amend this complaint to insert the true names and capacities of the

15  fictitiously named defendants when ascertained.

16       7.       At all times herein mentioned, each of the defendants was the agent and employee

17  of each of the remaining defendants and was acting at all times within the purpose and scope of said

18  agency and employment, and acting in concert.

19       8.       In 2012, plaintiff Katrina Haywood was hired by defendant Marketsource, Inc. on

20  behalf of the remaining defendants, to work at multiple Target locations in their "Target Mobile"

21  department.  Plaintiff worked primarily out of the Target store located at 7505 Laguna Boulevard

22  in Elk Grove.  Defendant Marketsource, Inc. Target Corporation, and Does 1-20, thereafter became

23  plaintiff's joint employer by exercising control over the working conditions of plaintiff and making

24  decisions concerning plaintiff's request for pregnancy accommodation.

25       9.       Plaintiff Katrina Haywood learned she was pregnant in early 2013. In mid-2013, she

26  began requesting accommodation for her pregnancy.  Plaintiff told her supervisor Mike Wisse that

27  she needed accommodation to be able to sit down on a stool as needed, to work eight hours or less

28  as needed, and to  adjust her work schedule in order to allow her to have a day off in the middle of

EXHIBIT ___1___ PAGE __10__

1  the week to rest instead of working five or six consecutive days in a row. She provided defendants
2  with a note from her health care provider. Mike Wisse refused to alter plaintiff's work schedule. He
3  also informed plaintiff that defendant Target Corporation would not accommodation plaintiff's
4  request to be able to sit down on a stool as needed because it would look bad. Plaintiff was forced
5  to work without accommodation and suffer through long days while standing the entire time.
6  Defendants, and each of them, considered plaintiff's pregnancy to be an inconvenience to them.

7       10.    On or about July 25, 2013, plaintiff Katrina Haywood notified Mike Wisse that her
8  doctor was ordering her off work due to pregnancy complications. Defendants' human resources
9  department informed her that she did not qualify for pregnancy leave and that she would have to
10  resign her job and reapply once she was released back to work. That statement was false as
11  California law grants leave rights to all pregnant employees. Plaintiff then spoke with Mike Wisse
12  who told plaintiff her that if she resigned, he would fill her position. Plaintiff did not want to lose
13  her job, and was forced to work against her doctor's order.

14       11.    On or about August 8, 2013, plaintiff Katrina Haywood was seen again by her doctor
15  who wanted to know why plaintiff had been continuing to work. Plaintiff explained that defendants
16  were refusing to allow plaintiff to take maternity leave. On August 8, 2013, plaintiff's doctor again
17  ordered her off work and immediately filled out disability forms for plaintiff to ensure that
18  defendants would not force her to work. Later that same day, plaintiff called Mike Wisse and
19  informed him that her doctor had placed her off work on disability and that there was no way she
20  would be able to work. Mike Wisse asked plaintiff how much time she needed, she replied she was
21  not sure exactly how much time because it depended on when she had the baby, but that she would
22  likely be needing a total of 12 weeks off work since she was still one month away from her due date.
23  Mike Wisse responded that plaintiff's request was unreasonable and that it would affect the business.
24  He told plaintiff he would have to think about her request.

25       12.    The following day, on August 9, 2013, Mike Wisse contacted plaintiff to discuss her
26  maternity leave. Mike Wisse told plaintiff that, according to him, California law only provided for
27  4 weeks of maternity leave and that he wouldn't be able to find someone to cover for plaintiff.
28  Plaintiff pleaded with him to allow her some time to wait and see when she would have the baby.

EXHIBIT_____1_____ PAGE ____11

1  Mike Wisse's response was that he would give her only 4 weeks.

2       13.    On or about September 9, 2013, Mike Wisse contacted plaintiff Katrina Haywood to
3  inform her that she was supposed to be back at work last week. Plaintiff told him that it was
4  unrealistic for her to return to work given that she was due on September 12th. Mike Wisse's
5  response to plaintiff was that he has known women who delivered their baby and returned the work
6  the following day. Mike Wisse told plaintiff that if she did not have the baby by the following week
7  he would be filling her position.

8       14.    After waiting to have her baby for the better part of the month of September, plaintiff
9  was finally induced on September 28, 2013. A few days later, plaintiff notified Mike Wisse that she
10  delivered her baby.

11       15.    On or about October 7, 2013, plaintiff received a packet of documents defendants
12  requiring her to return FMLA paperwork. Plaintiff was required to return the documents within
13  approximately one week, which was unreasonable considering her newborn was only one week old.
14  Plaintiff immediately contacted Ed, a human resources representative for defendant Marketsource,
15  Inc., and notified him that she would be late in returning the FMLA forms as she could not get an
16  appointment with her doctor until October 18, 2013. Plaintiff did see her doctor on October 18, 2013
17  and her return to work date was extended. After her appointment, plaintiff contacted Ed in defendant
18  Marketsource, Inc's human resources department and notified him of her new return to work date.

19       16.    On or about November 2, 2013, plaintiff went to the Target store located at 7505
20  Laguna Boulevard to go shopping. While there, plaintiff stopped to visit her manager Latrice Clark.
21  Ms. Clark notified plaintiff that Mike Wisse had already filled her position and that her employment
22  was terminated. Shortly thereafter, plaintiff received an email from Marketsource, Inc. requesting
23  her to complete an exit interview since she had been terminated.

24       17.    Defendants terminated plaintiff's employment while was on, what should have been,
25  job-protected maternity leave. Throughout plaintiff's pregnancy, she kept defendants informed of
26  her doctor's instructions and extensions of her return to work dates given her late delivery.
27  Defendants intentionally interfered with plaintiff's ability to take her pregnancy leave by harassing
28  plaintiff, demanding that she fill out FMLA forms that were not required with little to no notice,

EXHIBIT _____1_____ PAGE _12_

1  repeatedly threatening to fill her position, and ultimately terminating her employment.

2  FIRST CAUSE OF ACTION

3  Pregnancy Discrimination Against Defendants Market Source, Inc.,

4  Target Corporation, and Does 1-20

5      18.   Plaintiff Kristina Haywood realleges the allegations contained in paragraphs 1

6  through 17 of this complaint.

7      19.   Defendants Market Source, Inc., Target Corporation, Does 1-20 discriminated against

8  plaintiff Katrina Haywood because of her pregnancy by acts which included, but are not limited to:

9           a.   Denying plaintiff's requests for accommodation;

10           b.   Prohibiting plaintiff from taking pregnancy leave in July 2013 despite her

11              doctor's order;

12           c.   Telling plaintiff that her need for pregnancy leave was a burden on the

13              business;

14           d.   Telling plaintiff that she was only entitled to 4 weeks of pregnancy leave and

15              asking her to return to work a week before her due date;

16           e.   Continuously harassing plaintiff while she was on pregnancy leave and

17              threatening to fill her position if she did not return within 4 weeks;

18           f.   Telling plaintiff that in order to take pregnancy leave she would have to

19              resign and reapply;

20           g.   Refusing to return plaintiff's telephone calls concerning her pregnancy;

21           h.   Filling plaintiff's position while she was on pregnancy leave; and

22           i.   Terminating plaintiff's employment was she was on pregnancy leave.

23      20.   As a proximate result of said conduct of the defendants, and each of them, plaintiff

24  Katrina Haywood was hurt and injured in plaintiff's health, strength and activity, sustaining injury

25  to plaintiff, and shock and injury to plaintiff's nervous system and person, all of which said injuries

26  have caused and continue to cause plaintiff severe emotional distress and nervous pain and suffering,

27  in an amount to be determined and according to proof at trial.

28      21.   As a further proximate result of the said discharge from employment, plaintiff Katrina

---

Complaint for Damages for Violation of Government Codes 12940 and 12945
5

EXHIBIT ___1___ PAGE ___13___

1   Haywood was prevented from attending to plaintiff's usual occupation, and plaintiff is informed and

2   believes and thereon alleges that she will thereby be prevented from attending to her usual

3   occupation for a period in the future in an amount to be determined and according to proof.

4   SECOND CAUSE OF ACTION

5   Denial of Pregnancy Accommodation Against Defendants Market Source, Inc.,

6   Target Corporation, and Does 1-20

7       22.    Plaintiff Katrina Haywood repleads and realleges the allegations contained in

8   paragraphs 1 through 21 of this complaint.

9       23.    Subsection (3) of section 12945 of the California Government Code provides that it

10  shall be an unlawful employment practice for an employer to refuse to provide reasonable

11  accommodation for an employee for a condition related to pregnancy, if she so requests, with the

12  advice of her health care provider.

13       24.    In mid 2013, plaintiff Katrina Haywood made requests for pregnancy accommodation

14  at the direction of her health care provider. Those requests were to be allowed to sit down on a stool

15  as needed, to work shorter shifts if needed, and for defendants to adjust plaintiff's work schedule in

16  order to allow her to have a day off in the middle of the week to rest instead of working five or even

17  six consecutive days in a row.

18       25.    Defendants Market Source, Inc., Target Corporation, and Does 1-20 failed to make

19  reasonable accommodation of plaintiff Katrina Haywood's pregnancy as described above. In fact,

20  defendants did not even try to accommodate plaintiff's pregnancy. Defendant Target Corporation

21  instructed Marketsource, Inc. to deny plaintiff's request to be allowed to sit down on a stool because

22  according to them, it looked bad when customers walked by. Defendant Marketsource Inc. and

23  Target Corporation made no efforts to accommodate plaintiff with regard to scheduling, as there

24  were no changes made to the shifts or days plaintiff worked, and she continued to suffer through long

25  work days and irregular days off for rest.

26       26.    As a proximate result of said conduct of the defendants, and each of them, plaintiff

27  Katrina Haywood was hurt and injured in plaintiff's health, strength and activity, sustaining injury

28  to plaintiff, and shock and injury to plaintiff's nervous system and person, all of which said injuries

EXHIBIT _____1_____ PAGE ____14

1 | have caused and continue to cause plaintiff severe emotional distress and nervous pain and suffering,

2 | in an amount to be determined and according to proof.

3 |       27.    As a further proximate result of the said conduct of the defendants, and each of them,

4 | plaintiff Katrina Haywood was prevented from attending to plaintiff's usual occupation, and plaintiff

5 | is informed and believes and thereon alleges that she will thereby be prevented from attending to her

6 | usual occupation for a period in the future in an amount to be determined and according to proof.

7 | EXHAUSTION OF ADMINISTRATIVE REMEDIES

8 |       28.    Plaintiff filed a complaint with the Department of Fair Employment and Housing

9 | alleging pregnancy discrimination and denial of accommodation against defendants.  Plaintiff

10 | received the right to sue on November 20, 2013. The DFEH complaint and right to sue letter is

11 | attached as "Exhibit A."

12 | PRAYER FOR RELIEF

13 | WHEREFORE, plaintiff Katrina Haywood prays for judgment against defendants as follows:

14 |     1.    For lost income and wage benefits according to proof;

15 |     2.    For general damages according to proof;

16 |     3.    For prejudgment interest;

17 |     4.    For attorney's fees;

18 |     5.    For costs of suit; and

19 |     6.    For such other relief as the court may deem proper.

23 | DATED: January 30, 2014

JULIE A. DOUMIT

EXHIBIT ___1___ PAGE __15__

# EXHIBIT A

EXHIBIT ___1___ PAGE __16__



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR
DIRECTOR PHYLLIS W. CHENG

Nov 20, 2013

Katrina Haywood
1731 J Street, Suite 250
Sacramento, CA 95811

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 189241-79911-R
Right to Sue: Haywood / Marketsource, Inc., HR Manager

Dear Katrina Haywood:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 20, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Marketsource, Inc.
    HR Manager  Target Corporation

EXHIBIT ____1____ PAGE ____17____



STATE OF CALIFORNIA | &. Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Nov 20, 2013

RE: **Notice of Filing of Discrimination Complaint**
DFEH Number: 189241-79911-R
Right to Sue: Haywood / Marketsource, Inc.

To All Respondent(s):

Enclosed is a copy of an complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

EXHIBIT ___1___   PAGE ___18___



STATE OF CALIFORNIA | Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
189241-79911-R

COMPLAINANT
Katrina Haywood

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Marketsource, Inc.<br>HR Manager | 1395 Emerald Court  Palm Springs CA 92264-3530 | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 500 | Nov 15, 2013 | |

CO-RESPONDENT(S)                                                             ADDRESS

HR Manager  Target Corporation            1000 Nicollet Mall, TPS 2672  Minneapolis  MN 55430

DATE FILED  Nov 20, 2013
MODIFIED    Jan 30, 2014

REVISED JULY 2013
PAGE 1/3

EXHIBIT ____I____ PAGE __19__



STATE OF CALIFORNIA I Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
189241-79911-R

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination |
| ON OR BEFORE | Nov 15, 2013 |
| BECAUSE OF MY | Sex - Pregnancy |
| AS A RESULT, I WAS | Denied pregnancy leave, Denied reasonable accommodation, Terminated |

STATEMENT OF FACTS

Market Source, Inc. and Target Corporation did not want to accommodate my pregnancy or allow me to take maternity leave.

EXHIBIT ___|___ PAGE ___20___



STATE OF CALIFORNIA | Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
189241-79911-R

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue notice. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Julie A. Doumit, Attorney for Complainant, and dated on Jan 30, 2014 at Sacramento, CA.

EXHIBIT ___1___ PAGE __21__

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | FOR COURT USE ONLY |

| | |
|---|---|
| SHORT TITLE:      Haywood vs. Marketsource Inc | |

| | |
|---|---|
| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2014-00158356-CU-CR-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 10/23/2014 in Department  36  in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
    -Served all parties named in the complaint within 60 days after the summons has been issued
    -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
    -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

EXHIBIT____1____ PAGE __22__

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 02/19/2014

Gerrit W. Wood , Judge of the Superior Court

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**          Page: 2

EXHIBIT_____1_____ PAGE ___23___



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing.  If there is no such agreement, either party can reject the Arbitration award and request a trial



EXHIBIT____1____ PAGE __24__



**Superior Court of California, County of Sacramento**
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note: A Mediation Statement must be filed with the Case Management Statement.**

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information sheet from the the Court Website, www.saccourt.ca.gov, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. **A Stipulation and Order to Mediation may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC).** The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. **In that event, parties must submit a Stipulation and Order to Mediation (see attached) within 14 calendar days after their CMC.**

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at
Alternative Dispute Resolution

EXHIBIT_____1_____ PAGE ___25___



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## CIVIL DEPARTMENT ASSIGNMENT INFORMATION

Implementation of the Court Case Management System has changed the way cases are assigned to the Case Management Program, Law and Motion and Minor's Compromise departments.   If your case was filed with the Court prior to the implementation of CCMS, please refer to the chart outlining department assignments for Legacy Cases.  If your case was filed with the Court after implementation of CCMS, please refer to the chart outlining department assignments for CCMS Cases.

### Department Assignments for CCMS Initiated Cases

CCMS initiated cases are assigned by the system to the CMP departments using a round robin methodology.  The Law & Motion and Minors Compromise departments are based on the CMP department assignment.  CCMS initiated cases are cases that were filed with the Court after the implementation of CCMS, November 5, 2007 or after.  CCMS case numbers are formatted as follows: *34-2008-0001122.*

| Case Management Program | Law & Motion | Minors Compromise |
|---|---|---|
| Department 35 | Department 54 | Department 17 |
| Department 36 | Department 53 | Department 24 |
| Department 39 | Department 54 | Department 22 |
| Department 44 | Department 53 | Department 45 |

### Department Assignments for Legacy Cases

Legacy cases are assigned to CMP and Minors Compromise departments using the last two digits of the case number.  Law and Motion matters are assigned on an odd/even basis.  Legacy Cases are cases that were filed with the Court prior to November 5, 2007.  Legacy case numbers are formatted as follows: *07AS03344 or 05AM05566.*

| Case Number Ending | Case Management Program | Minors Compromise |
|---|---|---|
| 00 – 24 | Department 36 | Department 24 |
| 25 – 49 | Department 35 | Department 17 |
| 50 – 74 | Department 39 | Department 22 |
| 75 – 99 | Department 44 | Department 45 |

For additional information relative to department assignments or accessing Court tentative rulings, visit our website.

| COURT'S WEB SITE – WWW.SACCOURT.CA.GOV |
|---|

---

Civil Department Assignment Information

EXHIBIT____1____ PAGE ___26



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

**Program Case Notice**
**Unlimited Civil Case**

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b) and (c):

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Certificate of Service/Ex Parte Application** | Within **75 days** of the filing of the complaint, plaintiff must file a certificate of service or an Ex Parte Application for Extension of Time to Serve Pleading on a form provided by the Judicial Council. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement as required under Local Rule 12.18 unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference. |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause.  Please refer to Local Rule 11.00 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**



EXHIBIT_____1_____ PAGE _____27



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

## ORDER TO FILE CASE MANAGEMENT STATEMENT
## LIMITED CIVIL CASE

**Case Management Conference**
By order of the court, a case management conference will not be held in limited civil cases unless specifically ordered by the court pursuant to Local Rule 11.05(d) CMP.

**Case Management Statement**
You must file and serve a case management statement no later than 180 days after the complaint is filed. Parties are encouraged to file a single joint case management statement. If a single joint statement is not filed for all parties, plaintiff shall file and serve a statement of disputed issues on a form provided by the court as an addendum to plaintiff's case management statement.

**Hearing**
No hearing will be required unless ordered by the court.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
• Served all parties named in the complaint within 60 days after it is filed;
• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered;
• Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein relating to the prosecution of this case.

**Case Management Orders**
The court will issue a case management order after reviewing the case management statement.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve all other parties with a copy of this order. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
Parties may file a certification on a form provided by the court in lieu of the case management statement no later than 180 days after the complaint is filed if the case is a short cause (five hours or less of trial time), the pleading stage is complete and the case will be ready for trial within 60 days. In that event, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days.

**Compliance**
Failure to comply with this order may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

EXHIBIT ___1___ PAGE ___28___



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
720 9th Street
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## TENTATIVE RULING INFORMATION

### What is a Tentative Ruling

Prior to a hearing, the Court may issue a tentative ruling. The tentative ruling will become the order of the Court, and no hearing will be held, unless a party requests and appearance. A party requesting an appearance must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

### Access to Tentative Rulings

Tentative Rulings are available after 2:00 p.m. on the court day before the matter is heard. Tentative rulings may be viewed through the courts online services at www.saccourt.ca.gov, via the "Tentative Rulings" link on the Home page. Instructions will be available as to how to search for the tentative rulings.

If you do not have internet access, a clerk will read the tentative rulings to you over the phone. To obtain that service, you may contact the court using the below phone numbers:

Law & Motion and Presiding Judge (Dept 47)
- Call 916-874-8142

Department 16
- Call 916-874-5242
  - For questions about Name Changes and EDD Claims of Exemption cases heard in this department, please call: 916-874-5522.

Case Management Program (CMP)
- Call the appropriate information number below:

| Case Management Program | Information Phone Numbers |
|---|---|
| Department 35 | 916-874-5739 |
| Department 39 | 916-874-1654 |
| Department 44 | 916-874-5741 |
| Department 36 | 916-874-5740 |

### Advising Clerk of Appearance

Please refer to the Local Rules to obtain the telephone numbers to use when requesting an appearance.

**See Local Rules for additional information:**
2.02 (D) - Presiding Judge (Dept 47)
3.04      - Law & Motion
11.00.5 - Case Management Program (CMP)

| COURT'S WEB SITE – WWW.SACCOURT.CA.GOV |
|---|

Tentative Ruling Information

CVE-190 (Rev 03.10.11)                                                                 Page 1 of 1

EXHIBIT____1____ PAGE ___29

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.　　　　　　FAX NO. (Optional)<br>EMAIL ADDRESS (Optional)<br>ATTORNEY FOR (NAME): | |
| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |

| PLAINTIFF/PETITIONER: | CASE MANAGEMENT CONFERENCE DATE: |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **STIPULATION AND ORDER TO MEDIATION** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |
|---|---|

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

☐ 1. **Court Mediation.** *Per Local Rule 12.23 Mediators on the court's approved panel have agreed to the court's payment schedule of $200 for 3 hours of mediation. In the event the mediation will extend beyond 3 hours, the parties will be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 2. **Court Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 12.23 Mediators on the court's approved panel have agreed to the court's payment schedule of $200 for 3 hours of mediation. In the event the mediation will extend beyond 3 hours, the parties will be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 3. **Private Mediation.** *Per Local Rule 12.23 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 12.23 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:　　　　　　　　　　Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:　　　　　Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:　　　　　Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:　　　　　　　　　Name_____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

_____

Stipulation and Order to Mediation

EXHIBIT____1____ PAGE __30__

**STIPULATION AND ORDER TO MEDIATION**

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore:

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter 12 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process. The Trial and Settlement Conference dates shall be selected no later than

_____

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for:  _____  _____  _____
                                                              Date              Time            Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____     Signed: _____
                                                       **Judge of the Superior Court**

Stipulation and Order to Mediation

EXHIBIT _____1_____ PAGE ___31___

**STIPULATION AND ORDER TO MEDIATION**

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

Stipulation and Order to Mediation

EXHIBIT____1____ PAGE __32__

MARKETSOURCE, INC.
Agent for Service: CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
lI.I..I.I.I..I.I.,,II.,,I.II

LAW OFFICES OF
WILLIAM F. WRIGHT
1731 "J" STREET, SUITE 250
SACRAMENTO, CALIFORNIA 95811

EXHIBIT ____1____ PAGE __33__