**WILSON TURNER KOSMO LLP**
CLAUDETTE G. WILSON (110076)
KATHERINE K. POTHIER (171783)
JAMES P. LEONARD II (255575)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  cwilson@wilsonturnerkosmo.com
E-mail:  kpothier@wilsonturnerkosmo.com
E-mail:  jleonard@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

**EPSTEIN BECKER & GREEN, P.C.**
MICHAEL S. KUN (208684)
TED A. GEHRING (218715)
1925 Century Park East, Suite 500
Los Angeles, CA  90067
Telephone:  (310) 556-8861
Facsimile:   (310) 553-2165
E-mail:  cemail@ebglaw.com

Attorney for Defendant
MARKETSOURCE, INC.

**LAW OFFICES OF WILLIAM F. WRIGHT**
WILLIAM F. WRIGHT (109470)
JULIE A. DOUMIT (272574)
1731 J Street, Suite 250
Sacramento, CA  95811
Telephone:  (916) 442-8614
Facsimile:   (916) 442-5679
E-mail:  wfwattny@aol.com
E-mail:  julie.doumit@yahoo.com

Attorneys for Plaintiff
KATRINA HAYWOOD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA HAYWOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARKETSOURCE, INC., TARGET CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | No. 2:14-cv-00887-JAM-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

-1-   Case No. 2:14-cv-00887-JAM-DAD

STIPULATION AND PROTECTIVE ORDER

1   In anticipation of discovery that may seek confidential and proprietary business
2   information of a party and/or confidential information of a party or third parties,
3   Defendants TARGET CORPORATION and MARKETSOURCE, INC.
4   (DEFENDANTS) and PLAINTIFF KATRINA HAYWOOD (PLAINTIFF) have met,
5   conferred, and agreed on the following Joint Motion for Protective Order to govern
6   the instant matter on the following terms, which the parties jointly request the Court to
7   approve:
8       1.   Any party to this litigation and any third-party shall have the right to
9   designate as "Confidential" and subject to this Order any information, document, or
10  thing, or portion of any document or thing which the producing party otherwise
11  believes in good faith: (a) contains trade secrets, competitively sensitive technical,
12  marketing, financial, sales or other confidential business information, or (b) contains
13  private or confidential third party personal information, including, but not limited to,
14  home addresses, electronic mail address, Social Security numbers, financial account
15  numbers, driver's license numbers, dates of birth, employment information, or
16  (c) contains information received in confidence from third parties, or (d) which the
17  producing party otherwise believes in good faith to be entitled to protection under
18  Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation
19  or any third-party covered by this Order, who produces or discloses any Confidential
20  Material, including without limitation any information, document, thing, interrogatory
21  answer, admission, pleading, or testimony, shall mark the same with the foregoing or
22  similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO
23  PROTECTIVE ORDER" (hereinafter "Confidential Material").
24      2.   Any producing party may further designate certain discovery material or
25  testimony which contains financial information and/or corporate ownership
26  information of a highly confidential and/or proprietary nature or employee
27  information of a highly confidential or private nature such as employee disciplinary
28  matters, salary information and/or other private information as "ATTORNEYS' EYES

1  ONLY" in the manner described for "Confidential" information, except that the
2  applicable legend for such information shall be: "ATTORNEYS' EYES ONLY."
3  Attorneys' Eyes Only Material, and the information contained therein, shall be
4  disclosed only to the Court, counsel (including the paralegal, clerical, and secretarial
5  staff employed by such counsel) in the above-captioned litigation, and court reporters
6  employed in this action but shall not be disclosed to the Requesting Party itself, or to
7  an officer, director or employee of Requesting Party, or anyone else unless otherwise
8  agreed to in writing or ordered.  The dispute procedures outlined herein shall apply to
9  Discovery Material designated under this paragraph.  The procedures regarding
10 disclosure of Confidential Material at a deposition shall apply to Discovery Material
11 designated under this paragraph.
12        3. To the extent it is practical to do so, the designating party must designate for
13 protection only those parts of material, documents, items, or oral or written
14 communications that qualify – so that other portions of the material, documents,
15 items, or communications for which protection is not warranted are not swept
16 unjustifiably within the ambit of this Order.
17        If it comes to a designating party's attention that information or items that it
18 designated for protection do not qualify for protection at all or do not qualify for the
19 level of protection initially asserted, that designating party must promptly notify all
20 other parties that it is withdrawing the mistaken designation.
21        4.    All Confidential Material shall be used by the receiving party solely for
22 purposes of the prosecution or defense of this action, shall not be used by the
23 receiving party for any business, commercial, competitive, personal or other purpose,
24 and shall not be disclosed by the receiving party to anyone other than those set forth in
25 Paragraph 5, unless and until the restrictions herein are removed either by written
26 agreement of counsel for the parties, or by Order of the Court.
27 / / /
28 / / /

5. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

    a. Counsel for the parties, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and its personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, ESI vendors and consultants, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

/ / /

/ / /

      h.     The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6. Confidential Material shall be used only by individuals permitted access to it under Paragraph 5. Such Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. If counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a.     Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third-party shall respond in writing to such objection within ten (10) days, and shall state

with particularity the grounds for asserting that the document or information is Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Magistrate Judge within 14 days of the parties reaching an impasse.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  9. The party seeking to submit Confidential Material to the Court will seek an order of this Court permitting that party to file materials under seal as described in Paragraph 10 herein, then will lodge any documents or materials which comprise or contain Confidential Material with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable rules of Court, on which shall be marked the title of this action, an indication of the nature of the contents, the identity of the party filing the material, the phrase "CONFIDENTIAL" and a statement of the materials in the sealed envelope or container are "LODGED CONDITIONALLY UNDER SEAL PURSUANT TO THE COURT ORDER IN THIS ACTION DATED_____."  That party shall serve the opposing party with the lodged documents on the date of any lodgment, either by mail, e-mail or personal service, and will contemporaneously make application or motion to seal these records.  Any application or motion to seal shall comply with all applicable rules of Court, including Local Rule 141.1.

  10. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by applicable law,

-6- Case No. 2:14-cv-00887-JAM-DAD

STIPULATION AND PROTECTIVE ORDER

including Civ. L.R. 141.1 and the chambers' rules, with respect to filing documents under seal.  Pursuant to Civil Local Rule 141.1, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

11.	If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to the producing party and as directed by the Court.

12.	To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential Material under this Order.

13.	When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any

claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential Material under this Order.

15. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. Upon final conclusion of this litigation, including the expiration of any appeals thereof, each party or other individual subject to the terms hereof shall be under an obligation to certify that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and to destroy, should such source so request, all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.

17. This Order may be modified by agreement of the parties, subject to Court approval. In addition, the Court may modify the protective order in the interests of justice and for public policy reasons.

The within order and parties' stipulation do not change, amend or circumvent any court rule or local rule.

Dated: March 26, 2015  **WILSON TURNER KOSMO LLP**

By: /s/ *James P. Leonard*
CLAUDETTE G. WILSON
KATHERINE K. POTHIER
JAMES P. LEONARD II
Attorneys for Defendant
TARGET CORPORATION

Dated: March 26, 2015  **EPSTEIN BECKER & GREEN, P.C.**

By: /s/ *Ted A. Gehring (as authorized on 3/26/15)*
MICHAEL S. KUN
TED A. GEHRING
Attorneys for Defendant
MARKETSOURCE, INC.

Dated: March 26, 2015  **LAW OFFICES OF WILLIAM F. WRIGHT**

By: /s/ *Julie A. Doumit (as authorized on 3/25/15)*
WILLIAM F. WRIGHT
JULIE A. DOUMIT
Attorneys for Plaintiff
KATRINA HAYWOOD

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 1, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
haywood0887.stip.prot.ord.docx

# EXHIBIT A

Case No. 2:14-cv-00887-JAM-DAD

| | |
|---|---|
| 1 | **WILSON TURNER KOSMO LLP**<br>CLAUDETTE G. WILSON (110076) |
| 2 | KATHERINE K. POTHIER (171783)<br>JAMES P. LEONARD II (255575) |
| 3 | 550 West C Street, Suite 1050<br>San Diego, California  92101 |
| 4 | Telephone:  (619) 236-9600<br>Facsimile:   (619) 236-9669 |
| 5 | E-mail:  cwilson@wilsonturnerkosmo.com<br>E-mail:  kpothier@wilsonturnerkosmo.com |
| 6 | E-mail:  jleonard@wilsonturnerkosmo.com |
| 7 | Attorneys for Defendant<br>TARGET CORPORATION |
| 8 | **EPSTEIN BECKER & GREEN, P.C.**<br>MICHAEL S. KUN (208684) |
| 9 | TED A. GEHRING (218715)<br>1925 Century Park East, Suite 500 |
| 10 | Los Angeles, CA  90067<br>Telephone:  (310) 556-8861 |
| 11 | Facsimile:    (310) 553-2165<br>E-mail:  cemail@ebglaw.com |
| 12 | Attorney for Defendant |
| 13 | MARKETSOURCE, INC. |
| 14 | **LAW OFFICES OF WILLIAM F. WRIGHT**<br>WILLIAM F. WRIGHT (109470) |
| 15 | JULIE A. DOUMIT (272574)<br>1731 J Street, Suite 250 |
| 16 | Sacramento, CA  95811<br>Telephone:  (916) 442-8614 |
| 17 | Facsimile:   (916) 442-5679<br>E-mail:  wfwattny@aol.com |
| 18 | E-mail:  julie.doumit@yahoo.com |
| 19 | Attorneys for Plaintiff<br>KATRINA HAYWOOD |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATRINA HAYWOOD,<br><br>             Plaintiff,<br><br>       v.<br><br>MARKETSOURCE, INC., TARGET CORPORATION, and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. 2:14-CV-00887-JAM-DAD<br><br>**JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: February 4, 2014<br><br>District Judge:  Hon. John A. Mendez<br>Courtroom:       6, 14th Floor<br><br>Mag.Judge:       Hon. Dale  A. Drozd<br>Courtroom:       27, 8th Floor<br>Trial Date:        August 17, 2015 |

-1-     Case No. 2:14-cv-00887-JAM-DAD

STIPULATION AND PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of KATRINA HAYWOOD v. MARKETSOURCE, INC., ET AL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____